# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.

JUAN ARTEAGA,

    Plaintiff,

v.

THE COLONY HOTEL, INC. and
CH OPCO, LLC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JUAN ARTEAGA, (herein referred to as "Plaintiff" or "ARTEAGA"), by and through his undersigned attorney, hereby files this Complaint against THE COLONY HOTEL, INC. and CH OPCO, LLC. (hereinafter, "COLONY" and "OPCO," respectively, or collectively, "Defendants"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, *et seq.* (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give

1

rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

**PARTIES**

5. Plaintiff ARTEAGA is a resident of Palm Beach County, Florida. During all times relevant to this Complaint, Plaintiff ARTEAGA was employed by Defendants as a server as well as a Night Auditor. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant COLONY is a Delaware corporation registered to do business within Florida. COLONY has its principal place of business in Palm Beach, Florida. Defendant COLONY has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant COLONY is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Defendant OPCO is a limited liability corporation registered and organized in the State of Florida with its principal place of business in Palm Beach, Florida. Upon information and belief, OPCO took over management of The Colony Hotel in or around December 2016. Defendant OPCO has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. OPCO is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Specifically, COLONY and OPCO operate The Colony Hotel in Palm Beach, Florida and its employees, including ARTEAGA, regularly handled goods, made use of phones, fax, and/or the internet, and otherwise conducted business which has an effect on interstate commerce.

11. Defendants COLONY and OPCO, upon knowledge and belief, have gross revenue which exceeds $500,000 individually for each of the past three (3) years and utilize goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS

12. Plaintiff is a non-exempt employee of Defendants' and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

13. Plaintiff began working for The Colony Hotel on February 12, 2015 as a server. On or about November 2015, Plaintiff also took on the title of Night Auditor. He was so employed in both capacities until his termination on March 16, 2017.

14. Upon information and belief, Defendants failed to pay Plaintiff properly for his overtime worked between February and November 2015 because the overtime rate did not take into account any tips he earned which violates the FLSA.

15. Between November 2015 and March 16, 2017, Plaintiff regularly worked 65-70 hours per week. Approximately 32 hours of the work week was spent as a Night Auditor for which Plaintiff received $14/hour.

16. However, when the overtime was calculated, Defendants incorrectly paid Plaintiff overtime based off his tipped employee rate of $5.03 in 2015/2016 and $5.08 in 2017, without regard for Plaintiff's actual tipped wages.

17. Plaintiff is owed overtime for each and every week in which he was employed because Defendant failed to pay the proper rate for each overtime hour in which Plaintiff worked.

18. Plaintiff, at this time, is unable to fully estimate wages due to him as such wages would require discovery of the tips he earned for each work week.

19. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

20. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME

21. Plaintiff re-alleges and re-avers paragraphs 1–20 as fully set forth herein.

22. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act (29 U.S.C. §207) by employing Plaintiff, who was engaged in commerce, for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

4

23. Specifically, ARTEAGA worked approximately 65–70 hours per week during his employment with Defendant. While there is an overtime payment reflected on Plaintiff's pay stubs, Defendant calculated the overtime rate incorrectly.

24. Defendants failed to take into account ARTEAGA's tips earned when calculating his overtime rate, and did not (between November 2015 and March 2017) take into account his non-tipped rate of $14/hour for the time he spent as a Night Auditor.

25. Plaintiff was not exempted from the overtime provisions of the FLSA.

26. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

27. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

28. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

29. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff ARTEAGA demands judgment for:

    a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

    b) Interest on the amount found due;

    c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JUAN ARTEAGA demands trial by jury for all issues contained herein so triable by law.

Dated: May 23, 2017.

        **EISS MASSILLON, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 308
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By: **/s/** Charles Eiss
     CHARLES M. EISS, Esq.
     Fla. Bar #612073
     Chuck@eissmassillon.com
     LINDSAY M. MASSILLON, Esq.
     Fla. Bar #92098
     Lindsay@eissmassillon.com